[Cite as *State v. Chaney*, 2015-Ohio-5071.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **MEMORANDUM OPINION** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2015-T-0109** |
| DENZIL CHANEY, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Court of Common Pleas, Case No. 2014 CR 00657.

Judgment: Appeal dismissed.

*Dennis Watkins,* Trumbull County Prosecutor, *LuWayne Annos,* Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481-1092 (For Plaintiff-Appellee).

*Denzil Chaney,* pro se, PID: A672-333, Trumbull Correctional Institution, P.O. Box 901, 5701 Burnett Road, Leavittsburg, OH 44430-0901 (Defendant-Appellant).

THOMAS R. WRIGHT, J.

{¶1} This matter is before this court upon the pro se motion for leave of appellant, Denzil Chaney, to file a delayed appeal, pursuant to App.R. 5(A). Along with his motion, appellant filed his notice of appeal in the trial court on October 5, 2015. Appellant appeals from his conviction and sentence of July 10, 2015.

{¶2} A timely notice of appeal from the July 10, 2015 judgment entry was due no later than August 10, 2015, which was not a weekend or a holiday. Therefore, appellant's appeal is untimely by almost two months.

{¶3} Appellee, the state of Ohio, filed its response in opposition to the motion for delayed appeal on October 7, 2015.

{¶4} App.R. 4(A)(1) states in relevant part:

{¶5} "* * * [A] party who wishes to appeal from an order that is final upon its entry shall file the notice of appeal required by App.R. 3 within 30 days of that entry."

{¶6} App.R. 5(A) provides:

{¶7} "After the expiration of the thirty day period provided by App.R. 4(A) for the filing of a notice of appeal as of right, an appeal may be taken by a defendant with leave of the court to which the appeal is taken in the following classes of cases:

{¶8} "(a) Criminal proceedings;

{¶9} "(b) Delinquency proceedings; and

{¶10} "(c) Serious youthful offender proceedings.

{¶11} "(2) A motion for leave to appeal shall be filed with the court of appeals and shall set forth the reasons for the failure of the appellant to perfect an appeal as of right. Concurrently with the filing of the motion, the movant shall file with the clerk of the trial court a notice of appeal in the form prescribed by App.R. 3 and shall file a copy of the notice of the appeal in the court of appeals."

{¶12} As reasons for failing to file a timely appeal, appellant asserts that neither the trial court nor his trial counsel advised him that he had a constitutional right to appointed appellate counsel and to appeal. Appellant also indicates that he just

2

became aware of his appellate rights on September 29, 2015, when an inmate informed him. However, as appellee correctly indicates in its response in opposition to the motion, page nine of appellant's signed plea agreement states: "[m]y attorney has advised me that I may only be able to appeal the imposition of a maximum sentence or other procedural issues regarding this plea. I also understand my other limited appellate rights that have been explained to me by the Court, and that I must file an appeal within thirty (30) days of my sentence. I also understand that under certain circumstances, the State may appeal my sentence."

{¶13} In reviewing the signed plea agreement, appellant was clearly advised of his limited appellate rights by his trial counsel and the court. Thus, appellant has not asserted a valid reason for the delay in perfecting his appeal as of right, and therefore he has not satisfied the threshold in App.R. 5(A).

{¶14} It is ordered that appellant's pro se motion for leave to file a delayed appeal is hereby overruled.

{¶15} Appeal dismissed.


DIANE V. GRENDELL, J.,

CYNTHIA WESTCOTT RICE, J.,

concur.

3